NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**In re:  JOHN H. BANKS, MARY BANKS, ELIZABETH S. ERRANT TRUST, EUGENE J. FRETT, individually and as trustee of the Victor J. Horvath and Frances B. Horvath Trust dated November 1995, CHERIE R. OKONSKI, CRAIG D. OKONSKI, ANDREW G. BODNAR, CHRISTINE M. ZAHL-BODNAR, EHRET MICHIGAN TRUST,**
*Petitioners*

―――――――――――

2020-124

―――――――――――

On Petition for Writ of Mandamus to the United States Court of Federal Claims in Nos. 1:00-cv-00365-EMR, 1:00-cv-00379-EMR, 1:00-cv-00380-EMR, 1:00-cv-00381-EMR, 1:00-cv-00382-EMR, 1:00-cv-00383-EMR, 1:00-cv-00384-EMR, 1:00-cv-00385-EMR, 1:00-cv-00386-EMR, 1:00-cv-00387-EMR, 1:00-cv-00388-EMR, 1:00-cv-00389-EMR, 1:00-cv-00390-EMR, 1:00-cv-00391-EMR, 1:00-cv-00392-EMR, 1:00-cv-00393-EMR, 1:00-cv-00394-EMR, 1:00-cv-00395-EMR, 1:00-cv-00396-EMR, 1:00-cv-00398-EMR, 1:00-cv-00399-EMR, 1:00-cv-00400-EMR, 1:00-cv-00401-EMR, 1:05-cv-01353-EMR, 1:05-cv-01381-EMR, 1:06-cv-00072-EMR, 1:99-cv-04451-EMR, 1:99-cv-04452-EMR, 1:99-cv-04453-EMR, 1:99-cv-04454-EMR, 1:99-cv-04455-EMR, 1:99-cv-04456-EMR, 1:99-cv-04457-EMR, 1:99-cv-04458-EMR, 1:99-cv-04459-EMR, 1:99-cv-44510-EMR, and 1:99-cv-44511-EMR, Judge Eleni M. Roumel.

―――――――――――

## ON PETITION

---

Before REYNA, WALLACH, and STOLL, *Circuit Judges.*

PER CURIAM.

## O R D E R

The parties in this longstanding litigation are currently engaged in alternative dispute resolution before the trial court. Plaintiffs John H. Banks et al. (collectively, "Banks") now petition for a writ of mandamus asking this court "to order that its footnote 4 [in *Banks v. United States*, 721 Fed. App'x 928 (Fed. Cir. 2017),] be considered mandatory" and to direct the United States to indicate whether it agrees or disagrees with what appear to be Banks' calculations regarding real estate lost by erosion.

To prevail on a mandamus petition, a party must show: (1) it has a clear legal right to relief; (2) there are no adequate alternative legal channels through which it may obtain that relief; and (3) the grant of mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004); *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976). Banks has not shown in the papers submitted that it has satisfied that standard at this time.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

FOR THE COURT

April 10, 2020          /s/ Peter R. Marksteiner
  Date                 Peter R. Marksteiner
                       Clerk of Court

s25